United States District Court
for the
Southern District of Florida

Frank Gonzalez, Plaintiff,   )
          )
v.           )  Civil Action No. 17-20128-Civ-Scola
          )
City of Hialeah, Defendant.  )

## Order on Motion to Dismiss

This matter is before the Court on the Defendant's motion to dismiss (ECF No. 31). The Plaintiff Frank Gonzalez responded (ECF No. 39), and the Defendant replied (ECF No. 20). After reviewing the fourth amended complaint, the parties' arguments, the record, and legal authority, the Court **grants** the motion as to Counts 1 and 2, and **remands** Counts 3, 4, and 5 to the Circuit Court for the Eleventh Judicial Circuit of Florida in and for Miami-Dade County (**ECF No. 31**).

## 1. Background

Gonzalez filed this action raising five counts against the Defendant, the City of Hialeah ("City"). (Fourth Am. Compl., ECF No. 24.) Gonzalez alleges two federal claims under 42 U.S.C. § 1983 for violations of the procedural due process clause of the Fourteenth Amendment: (1) Count 1 for deprivation of employment; and (2) Count 2 for deprivation of property interest in promotion eligibility. (*Id.* at 11–15.) Gonzalez then alleges three state-law claims: (1) Count 3 seeks rescission and cancellation of a settlement agreement; (2) Counts 4 and 5 raise claims for violations of the Florida Constitution. (*Id.* at 15–24.)

Gonzalez served as a law enforcement officer for the City of Hialeah from April 3, 2000, through April 16, 2007, when Gonzalez resigned. (*Id.* ¶¶ 12–13.) The City reemployed Gonzalez on May 5, 2008, from a certified reemployment list as a classified service personnel under Rule VIII, § 6(c) of the Hialeah Civil Service Rules and Regulations ("the CSRR"), subject to a probationary period. (*Id.* ¶¶ 19-20.) The City's sworn police officers' Collective Bargaining Agreement ("CBA")[1]

---

[1] The City attached some portions of the CBA to its motion to dismiss, and Gonzalez attached additional portions of the CBA to his response. The Court may consider the CBA in ruling on the motion to dismiss because it is central to Gonzalez's claim and undisputed. *See M.C. Dean, Inc. v. City of Miami Beach, Florida*, 199 F. Supp. 3d 1349, 1352 (S.D. Fla. 2016) (Altonaga, J.) ("In addressing a Rule 12(b)(6) motion, the Court considers the allegations of the complaint, exhibits attached or incorporated by reference, and exhibits attached to the motion to dismiss if they are central to the plaintiff's claim and undisputed."); *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 614CV6016ORL31TBS, 2016 WL 3144103, at *1 (M.D. Fla. June 6, 2016) (noting that this premise "logically extends to documents attached to a plaintiff's response") (internal citation and quotations omitted).

defines the "probationary period" as "a period of one (1) year from the date of swearing in by the Mayor, if the employee is previously certified by the State of Florida, as a Police Officer . . . ." (Resp. Ex. 1 at 24, ECF No. 39.) Further, the Charter of the City of Hialeah ("City Charter") provides that the personnel board must establish probationary periods for new employees of "not more than 12 months . . . or as otherwise provided in collective bargaining agreements." (Fourth Am. Compl. Ex. A at 40.)

In June or July 2008, while still in his probationary period, Gonzalez applied to take the Sergeant's exam to be given on October 27, 2008. (Fourth Am. Compl. ¶ 30.) According to Rule V, § 8(b)(1) of the CSRR, eligibility for the exam requires "4 years of continuous satisfactory employment in classified service as a sworn police officer with the Hialeah Police Department." (*Id.* Ex. C at 110.) The City denied Gonzalez's application to take the promotional exam, apparently finding that Gonzalez was not an eligible candidate. (*Id.* ¶ 31.)

In August 2008, the City began an internal investigation of a matter involving Gonzalez. (*Id.* ¶ 34.) That investigation culminated in November 2008 in a disposition of "sustained." (*Id.* ¶ 35–36; *Id.* Ex. I at 150.) Ultimately, on January 6, 2009, Gonzalez attended a pre-disciplinary meeting with the Chief of Police, who recommended termination and placed Gonzalez on administrative leave with pay pending a final determination from the City. (Fourth Am. Compl. Ex. E at 135–36.) Apparently upon Gonzalez's inquiry, the City informed Gonzalez that "the Mayor did not have to give a probationary employee a pre-disciplinary meeting." (*Id.* at 135.) Gonzalez alleges, however, that the City informed him that he "did not have a right to a pre-disciplinary hearing with [the] Mayor . . . ." (Fourth Am. Compl. ¶ 36.) The City terminated Gonzalez's employment, effective on January 9, 2009, informing him in a termination letter from the Mayor that the "City has the right to discharge a probationary employee at any time, without providing any explanation . . . ." (*Id.* Ex. F at 139.) The termination letter also explained that "as a courtesy to you, I am notifying you that my decision was derived, in part, based on what I consider to be your lapse of judgment relating to the events and findings described in Professional Compliance Bureau Investigation 2008-91." (*Id.*)

## 2. Legal Standard

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all of the complaint's well-pleaded factual allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Though the Rule does not require detailed factual allegations, it does

require "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

## 3. Analysis

### A. Count 1: Deprivation of Employment without Procedural Due Process

In Count 1, Gonzalez claims the City violated 42 U.S.C. § 1983 when it deprived him of his "right to procedural due process of law . . . by terminating [his] legitimate employment property . . . without first providing Mr. Gonzalez a meaningful pre-termination hearing and without providing Mr. Gonzalez a post-termination hearing." (Fourth Am. Compl. ¶84.) The City asserts that Gonzalez fails to state a claim as to Count 1 because Gonzalez had no property interest in his employment. (Mot. at 4–5, ECF No. 31.)

A civil rights action under § 1983 requires the deprivation of a federally protected right by a person acting under color of state law. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312 (1981); *Myers v. Bowman*, 713 F.3d 1319, 1329–30 (11th Cir. 2013); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). In order to state a claim, a plaintiff must establish (1) he was deprived of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed under color of state law. 42 U.S.C. § 1983; *Dodson*, 454 U.S. at 312; *see Almand v. DeKalb County, Ga.*, 103 F.3d 1510, 1513 (11th Cir. 1997).

Gonzalez cannot state a § 1983 claim because he can allege no facts to give rise to the deprivation of a Constitutional right based on the manner in which the City terminated him from his position as a police officer. "Generally, a public employee has a property interest in continued employment if state or local ordinance in any way limits the power of the appointing body to dismiss an employee." *Ross v. Clayton County*, 173 F.3d 1305, 1307 (11th Cir. 1999) (internal quotations omitted). Even so, and independent from limitations on the power to dismiss, "probationary employees [typically] are thought to lack property interests in their employment because they are 'at will' employees without a legitimate claim of entitlement to continued employment." *Id.* at 1308. Some circumstances do exist, however, where a probationary employee "may nevertheless enjoy a property interest in their employment." *Id.* To determine whether there is a property interest, the Court must look at the relevant state and local rules "in their entirety." *Blanton v. Griel Memorial Psychiatric Hospital*, 758

F.2d 1540, 1543 (11th Cir. 1985) ("The section governing probationary employees was clearly designed to offer a lesser expectation of continued employment than that offer to permanent employees.").

Here, three documents contain the relevant local rules: (1) the CBA; (2) the CSRR; and (3) the City Charter. Each distinguishes between employees in the probationary period and employees who have completed the probationary period, and each provides fewer rights to the former than the latter. *See* CSRR Rule VIII, § 4, and Rule X, §1 (Fourth Am. Compl. Ex. C at 118, 120); CBA art. 25, § 3.d (Mot. Ex. A at 9); *compare* City Charter art. IV, § 4.07(b)(4)a.1 and a.2 *with* City Charter art. IV, § 4.07(b)(4)a.3 (Fourth Am. Compl. Ex. A at 41). The CBA, the CSRR, and the City Charter all include provisions that allow the City to terminate probationary employees with or without cause.

Specifically, the CBA allows for termination of a probationary employee "as provided by the [CSRR], with or without cause, by the City." (Mot. Ex. A at 9.) The CSRR states that a "probationary employee may be discharged . . . at any time with or without cause and . . . has no civil service rights . . . ." (Fourth Am. Compl. Ex. C at 118, 120.) The City Charter distinguishes between general probationary employees, who may be terminated with or without cause, and probationary employees hired from a certified reemployment list, who may be terminated for cause after written notice. (Charter art. IV, § 4.07(b)(4)a.1 and a.2, Fourth Am. Compl. Ex. A at 41.)

On the other hand, employees that have completed the probationary period receive certain procedural entitlements not available to probationary employees. For example, the CBA generally provides employees an expedited hearing process after termination and an appeal process for suspensions. (CBA art. 25, § 3.c and 3.d, Mot. Ex. A at 9.) The CSRR requires a permanent employee to receive "written notice with sufficient information to allow the employee to explain or rebut the . . . removal . . . ." (CSRR Rule X, § 1, Fourth Am. Compl. Ex. C at 120.) Finally, the Charter requires that a permanent employee receive "written notice of . . . removal, together with reasons and effective date . . . ." (Charter art. IV, § 4.07(b)(4)a.3, Fourth Am. Compl. Ex. A at 41.) Five days after receipt of notice of termination, the permanent employee "may appeal in writing to the personnel board for a hearing." *Id.* Then, "the personnel board shall set a public hearing date for the employee or officer to appear and be heard . . . ."*Id.*

Thus, the "entirety" of the local rules clearly establishes "a lesser expectation of continued employment" for probationary employees. *Blanton*, 758 F.2d at 1543. As a result, Gonzalez can only allege a legitimate interest in his employment if he can allege that he was a permanent employee. *Id.*, *Ross*, 173 F.3d at 1307.

Gonzalez argues that he was "not a probationary employee within the meaning of the" CBA and the CSRR because the Mayor did not swear him in for

his reemployment—someone else performed the swearing in. (Resp. at 6–7.) Therefore, according to Gonzalez, he already fulfilled his probationary period after the Mayor swore him in during his first employment. (*Id.*)

Gonzalez's argument contains several flaws. First, Gonzalez *specifically alleges* that the City placed him in a probationary period upon reemployment in 2008. (*Id.* ¶ 20.) Next, neither logic nor the allegations in the Complaint support that Gonzalez remained continually employed by the City after his first swearing-in. Gonzalez alleges that he resigned on April 16, 2007, and became reemployed on May 5, 2008. (Fourth Am. Compl. ¶¶ 13, 19.) Gonzalez cannot have remained a sworn police officer after tendering his resignation in 2007, and certainly the City could not have "reemployed" Gonzalez if he already was employed.

Further, Gonzalez also claims that the term "initial probationary period" in Article 25, § 3.d of the CBA, refers to a probationary period upon Gonzalez's original employment in 2000. The City Charter plainly recognizes, however, that an employee "appointed from the certified reemployment . . . list" will commence employment in a probationary period. (Charter art. IV, § 4.07(b)(4)a.3, Fourth Am. Compl. Ex. A at 41.) Gonzalez *specifically alleges* that he was "reemployed . . . from a certified reemployment list . . . ." (Fourth Am. Compl. ¶ 19.) Notwithstanding any allegations or arguments in contradiction of the plain language of the CBA, CSRR, and the City Charter, at the time of his termination Gonzalez was a probationary employee without a legitimate claim of entitlement to continued employment.

But even if Gonzalez somehow fell into that class of probationary employees that might have a legitimate property interest in employment, *see Ross*, 173 F.3d at 1307, Gonzalez's § 1983 claim fails because he was not deprived of that right without the process afforded by the local rules and regulations. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990) ("In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*."). Here, assuming without deciding that the Charter—which provides the highest level of process among the three relevant documents—controls the process allegedly due to Gonzalez, that process requires nothing more than written notice. (Charter art. IV, § 4.07(b)(4)a.2, Fourth Am. Compl. Ex. A at 41.) Gonzalez had no right to a hearing and no right to any appeal to the personnel board. Further, Gonzalez alleges that he received notice of his termination "through a letter . . . sent to [him] by email." (Fourth Am. Compl. ¶ 37.) What is more, Gonzalez attaches the written notice to his Complaint. (*Id.* Ex. F at 139.)

Accordingly, the Court **dismisses with prejudice** Count 1 of the Complaint for failure to state a cause of action.

**B. Count 2: Deprivation of Property Interest to Promotional Eligibility without Procedural Due Process of Law**

Gonzalez alleges that the City deprived him of a "legitimate property interest in taking the Sergeant Exam as an eligible candidate without first providing [him] a fair and meaningful pre-denial hearing . . . ." (Fourth Am. Compl. ¶ 92.) Again, in order for Gonzalez to state his second § 1983 claim, he must allege that (1) he was deprived of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed under color of state law. See 42 U.S.C. § 1983; *Dodson*, 454 U.S. at 312.

The City argues that Gonzalez cannot have a property interest in taking the promotional exam for two interconnected reasons: (1) because courts generally do not recognize a property interest in a promotion, much less a promotional exam; and (2) because irrespective of whether such an interest exists, Gonzalez failed to meet the eligibility requirements for taking the promotional exam. (Mot. at 8–9.) Gonzalez contends that he has a property interest in taking the exam, even if he does not have such an interest in the promotion itself. (Resp. at 11–12.) Gonzalez further alleges that the City has allowed one other officer to take the exam without meeting the eligibility requirements. (*Id.*)

As with Count 1, Gonzalez cannot state a § 1983 claim because he can allege no facts to give rise to the deprivation of a Constitutional right based on the City denying him access to the promotional exam. First, the Eleventh Circuit does not recognize a general property interest in a promotion. *Wu v. Thomas*, 847 F.2d 1480, 1485 (11th Cir. 1988) ("[A] prospective promotion is not a property or liberty interest protected by the fourteenth amendment." (citing *Doyle v. University of Alabama in Birmingham*, 680 F.2d 1323, 1326 (11th Cir. 1982))). And certainly, the promotional exam at issue here only has value insofar as it serves as a prerequisite to promotional eligibility. *McMenemy v. City of Rochester*, 241 F.3d 279, 287 (2d Cir. 2001) ("An examination is not an end in itself; it has value only because it may lead to something valuable."); *see also Bigby v. City of Chicago*, 766 F.2d 1053, 1056 (7th Cir. 1985), *cert. denied sub nom. Thoele v. City of Chicago*, 474 U.S. 1056 (1986) ("[I]t is not the examination that the applicant is interested in—no one likes taking tests—but the job.").

Local and state law, of course, could create a property interest in taking the promotion exam. *Tyndol v. Alabama Dep't of Revenue*, No. 2:13-CV-92-WKW, 2016 WL 5662010, at *6 (M.D. Ala. Sept. 29, 2016) ("Property interests . . . are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972))). Rule V, § 8(b) of the CSRR delineates the eligibility requirements for taking the promotional exam at issue. (Fourth Am. Compl. Ex. C at 109–10.)

Specifically, the Rule requires "4 years of continuous satisfactory employment . . . as a sworn Police Officer with the Hialeah Police Department" or, if the candidate has other educational degrees or law enforcement experience, "3 years of continuous satisfactory employment . . . as a sworn Police Officer with the Hialeah Police Department." (*Id.*) Thus, whether Gonzalez met the eligibility requirements determines to some degree whether he holds a property interest in taking the promotional exam.

Gonzalez clearly did not meet the eligibility requirements as established by the relevant local rules. A mere month or two after Gonzalez's reemployment in May 2008, Gonzalez applied to take the promotional exam, which would be administered on October 27, 2008. (Fourth Am. Compl. ¶¶ 19, 30.) Regardless of Gonzalez's educational degrees, any previous service with another law enforcement agency, or any other criteria, Gonzalez simply cannot allege that he served the requisite years of continuous satisfactory employment. Gonzalez appears to argue that the Court should interpret "continuous" to include Gonzalez's years of employment before he resigned in 2007. (Resp. at 11.) But Gonzalez's entire support for this argument rests on his assertion that the City allowed another officer to take the promotional exam without the requisite years of continuous satisfactory employment. This purported incident does not change the plain language of Rule V, § 8(b) of the CSRR and does not change Gonzalez's failure to meet the express eligibility requirements.

The Court must look to the entirety of the local and state rules. *See Blanton*, 758 F.2d at 1543. Other provisions of the CSRR support the exclusion of Gonzalez's pre-2008 employment from the calculation of years of continuous satisfactory employment. For example, Rule VIII, § 6(c) of the CSRR describes the reappointment requirements with the term "prior employee." (Fourth Am. Comp. Ex. C at 119.) Rule VIII, § 6(c)(5) also points out that reappointment must occur "within 4 years after previous separation." (*Id.*) These terms—"separation" and "prior employee"—indicate a break in continuity for reappointed employees.

Gonzalez cannot allege eligibility to take the promotional exam and thus, even if the Eleventh Circuit were to recognize a property interest in a promotion, Gonzalez cannot allege the deprivation of a property interest. Accordingly, the Court **dismisses with prejudice** Count 2 of the Complaint for failure to state a cause of action.

### C. State Claims (Counts 3, 4, & 5)

Count 3 alleges a Florida common law claim, seeking rescission and cancellation of a contract—specifically rescission of a post-termination settlement agreement between Gonzalez and the City entered into on April 5, 2012. (Fourth Am. Compl. ¶¶ 51, 99–119.) In Count 4, Gonzalez seeks a declaration that Rule VIII, § 6(c) of the CSRR violates the Florida Constitution, and in Count 5,

Gonzalez seeks a declaration that the City has violated Florida Statues and the Florida Constitution by filling the positions of Police Commander and Police Major without first administering a competitive promotional test. (*Id.* ¶¶ 120–58.)

The Court initially exercised its supplemental jurisdiction over these state claims because no exception existed to the Court's mandatory supplemental jurisdiction over state claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). However, upon closer examination, Gonzalez's state claims are not "so related" to his federal claims. Further, the Court "has dismissed all claims over which it has original jurisdiction," which allows this Court the discretion to cease exercising supplemental jurisdiction over Gonzalez's state claims. *See* 28 U.S.C. § 1367(c)(3).

"State courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997). Because Gonzalez's remaining claims depend on determinations of state law, the Court declines to retain jurisdiction. 28 U.S.C. § 1367(c)(3). The Court therefore **remands** Gonzalez's remaining claims to state court, from where this case originated. *See Pace v. Peters*, 524 F. App'x 532, 538 (11th Cir. 2013).

## 4. Conclusion

Accordingly, the Court **grants in part** the City's motion to dismiss (**ECF No. 31**) as to Counts 1 and 2, and **denies in part** the City's motion to dismiss as to Counts 3, 4, and 5 (**ECF No. 31**). The Court **dismisses with prejudice** Counts 1 and 2 and **remand** Counts 3, 4, and 5. The Clerk shall **close** this matter, and take all necessary steps to ensure the prompt remand of this action and transfer this file back to the Circuit Court for the Eleventh Judicial Circuit of Florida in and for Miami-Dade County. Any pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on August 9, 2017.

Robert N. Scola, Jr.
United States District Judge