UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.: 17-20128-CIV-SCOLA/OTAZO-REYES**

FRANK GONZALEZ,

                Plaintiff,

v.

CITY OF HIALEAH,

                Defendant.

_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendant the City of Hialeah's ("Defendant" or "City") Motion for Bill of Costs (hereafter, "Motion for Costs") [D.E. 113]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 121]. For the reasons set forth below, the undersigned respectfully recommends that the Motion for Costs be GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

This action arises from the City's termination of Plaintiff Frank Gonzalez's ("Plaintiff") employment. On December 2, 2016, Plaintiff commenced an action in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida against the City asserting state law claims for declaratory judgment and rescission. See Case No. 2016-030826-CA-01 (hereafter, "State Court Action"), Verified Complaint [D.E. 1-1 at 2-16]. On December 6, 2016, Plaintiff amended his complaint and asserted, *inter alia*, claims under 42 U.S.C. § 1983 (hereafter, "Section 1983") for the alleged violation of his due process rights after Defendant terminated his employment. See State Court Action, Amended Verified Complaint [D.E. 1-1 at 52-96]. On January 11, 2017, Defendant removed the State Court Action based on federal question

jurisdiction.  See Notice of Removal [D.E. 1].  On February 7, 2017, Plaintiff filed a Motion to Remand the Case to State Court (hereafter, "Motion to Remand") [D.E. 14], which the Court denied on February 15, 2017.  See Order Denying Plaintiff's Motion to Remand [D.E. 19].

On February 17, 2017, Plaintiff filed the Fourth Amended Complaint, asserting two claims under Section 1983 for violations of his procedural due process rights and three claims under Florida law for rescission of a settlement agreement and violations of the Florida Constitution.  See Fourth Am. Compl. [D.E. 24].  On August 9, 2017, the Court granted Defendant's Motion to Dismiss Fourth Amended Complaint as to the federal claims, dismissing them with prejudice, and declined to exercise supplemental jurisdiction over the state law claims [D.E. 102].

On September 22, 2017, Defendant filed the instant Motion for Costs [D.E. 113].  On October 2, 2017, Plaintiff filed his Response in Opposition to Defendant's Motion for Costs (hereafter, "Response") arguing that he was not timely served with the Motion for Costs [D.E. 120].  On October 9, 2017, Defendant filed its Reply, which conceded that a computer glitch prevented Plaintiff from receiving the Motion for Costs by email on the day it was filed [D.E. 123].  Upon learning of the error, Defendant served Plaintiff with the Motion for Costs and consented to additional time for Plaintiff to respond to the merits of the Motion for Costs.  See Reply [D.E 123 at 2].  On October 30, 2017, Plaintiff filed a Sur-Response to Defendant's Reply (hereafter, "Sur-Reply") reasserting the issue of untimely service and arguing that Plaintiff should not be entitled to recover the filing costs for an improperly removed action [D.E. 129].

## APPLICABLE LAW

I.      **Timeliness**

Federal Rule of Civil Procedure 6(b) (hereafter, "Rule 6(b)") provides, in pertinent part:

> [w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b). "To determine if the neglect was excusable, a court must look to the danger of prejudice to the nonmovant, the length of the delay and its impact on the proceedings, and the reason for the delay including whether the movant acted in good faith and whether the delay was within the reasonable control of the movant." Blanton v. Univ. of Fla. ex rel. Bd. of Trustees of Univ. of Fla., No. 2:05-CV-421-FTM34SPC, 2008 WL 928114, at *2 (M.D. Fla. Apr. 4, 2008).

## II.    Entitlement to Costs

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)"), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995). Where a court dismisses a plaintiff's federal claims with prejudice and declines to exercise its supplemental jurisdiction over the remaining state law claims, the defendant is still the prevailing party and is entitled to costs. Id. at 355.

Title 28, United States Code, Section 1920 (hereafter, "Section 1920"), "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  A court may not award costs in excess of those authorized by statute. Crawford Fitting, 482 U.S. at 445.

## DISCUSSION

Defendant requests an award of $400.00 for the costs incurred in filing the Notice of Removal. See Motion for Costs [D.E. 113 at 1]. Plaintiff does not object to the amount sought, but argues that the Motion for Costs should be denied on the basis of untimely service and improper removal. See Sur-Reply [D.E. 129].

Although Defendant did not file a motion to extend the time within which to serve Plaintiff with the Motion for Costs, it explained that the delay was the result of a computer error. See Reply [D.E. 123 at 2]. Thus, the undersigned construes Defendant's Reply as a request to extend the service deadline *nunc pro tunc* to accommodate the error. Given that the slight delay in service was beyond Defendant's reasonable control and that Plaintiff was given the opportunity to respond to the merits of the Motion for Costs, the undersigned finds that there was

4

excusable neglect and deems the Motion for Costs timely served *nunc pro tunc* under Rule 6(b). See Blanton, 2008 WL 928114, at *2.

As to the merits of the Motion for Costs, the Court dismissed Plaintiff's federal claims with prejudice, which makes Defendant the prevailing party and entitles it to an award of costs. See Head, 62 F.3d at 355. Additionally, the Court already decided that the removal of the State Court Action was proper when it denied Plaintiff's Motion to Remand. See Order Denying Plaintiff's Motion to Remand [D.E. 19]. Therefore, Plaintiff's argument that the cost of filing the Notice of Removal is not recoverable lacks merit. Further, the undersigned finds that the $400.00 Defendant seeks in court filing fees are reasonable and recoverable pursuant to Section 1920. See 28 U.S.C. § 1920.[1]

## CONCLUSION

Based on the foregoing considerations, Defendant is entitled to recover the $400.00 in filing costs as prevailing party in this action. Accordingly, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Costs [D.E. 113] be GRANTED, and that Defendant be awarded **$400.00** as costs in this action.

The parties have **fourteen days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Judge Robert N. Scola, Jr., United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir.

---

[1] Plaintiff also opposes the taxing of any costs while his appeal is pending. See Sur-Reply [D.E. 129 at 2]. However, the pendency of the appeal does not preclude the issuance of a cost award to the prevailing party. Lucas v. Florida Power & Light Co., 729 F.2d 1300, 1301-02 (11th Cir. 1984) ("There is no need to delay entry of judgment pending taxing of costs, since a motion to review taxation of costs may be passed upon by the district court while an appeal is pending.").

1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida on this 6ᵗʰ day of March, 2018.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:

United States District Judge Robert N. Scola, Jr.
Counsel of Record

Copies via U.S. mail to:

Frank Gonzalez
PO Box 526844
Miami, FL 33152