United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Frank Gonzalez, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-20128-Civ-Scola |
| | ) |
| City of Hialeah, Defendant. | ) |

## Order on Motion For Relief from Order on Motion to Dismiss

This matter is before the Court upon the Plaintiff Frank Gonzalez's Motion for Relief from Order on Motion to Dismiss as to Count One. (ECF No. 133.) In the motion, Gonzalez specifically invokes Rule 60(b) of the Federal Rules of Civil Procedure, and maintains that he is entitled to relief under subsections (3) and (6) of that rule, and requests an indicative ruling pursuant to Rule 62.1. Gonzalez filed a notice of appeal of the Court's order of dismissal on September 6, 2017 (ECF No. 111), which appeal is pending before the Eleventh Circuit.

Rule 60(b) permits a court to relieve a party from a final judgment or order upon several enumerated grounds. *See* Fed. R. Civ. P. 60(b)(1)-(6). Pursuant to Rule 60(b)(3), a court may relieve a party from a final judgment or order upon a showing of fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). To obtain relief under Rule 60(b)(3), the moving party must prove by clear and convincing evidence the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000). The moving party must also demonstrate the alleged conduct prevented him from fully presenting his case. *Id.* In addition, "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted). Relief under Rule 60(b)(6) applies only to cases that do not fall into any other category under the rule. *United States v. Route 1, Box 111, Firetower Rd.*, 920 F.2d 788, 791 (11th Cir. 1991). Whether to grant relief pursuant to Rule 60(b) is a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

This is Gonzalez's third time expressing his disagreement with the Court's order of dismissal and its reasoning (ECF No. 102), which the Court has already noted is not a proper basis for reconsideration of its orders or other relief. (*See* ECF No. 104, 117.) Once again, the motion restates and expounds upon Gonzalez's previous arguments and improperly urges the Court to rethink previous decisions. Upon review, Gonzalez is not entitled to relief under either provision of Rule 60(b).

Pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, "[i]f a timely motion is made for relief that a court lacks authority to grant because of an appeal that has been docketed and is pending, the court may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose of that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Accordingly, Gonzalez's motion (**ECF No. 133**) is **denied**. This case shall remain closed.

**Done and ordered** at Miami, Florida, on March 27, 2018.

Robert N. Scola, Jr.
United States District Judge